UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
                                             :
SECURITIES AND EXCHANGE COMMISSION,  :
                                             :
                  Plaintiff,                      :
                                             :
              - against -                   :         11 Civ. 1778 (TPG)
                                             :
JUNO MOTHER EARTH ASSET                 :         ECF CASE
MANAGEMENT, LLC, EUGENIO VERZILI and :
ARTURO ALLAN RODRIGUEZ LOPEZ a/k/a  :
ARTURO RODRIGUEZ,                           :
                                             :
                 Defendants.                  :
                                             :
------------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/24/14

### FINAL JUDGMENT AS TO DEFENDANTS JUNO MOTHER EARTH ASSET MANAGEMENT, LLC, EUGENIO VERZILI AND ARTURO ALLAN RODRIGUEZ LOPEZ A/K/A ARTURO RODRIGUEZ

Plaintiff Securities and Exchange Commission ("Commission") having filed a Complaint against defendants Juno Mother Earth Asset Management, LLC ("Juno"), Eugenio Verzili ("Verzili"), and Arturo Allan Rodriguez Lopez a/k/a ("Rodriguez") (collectively, "Defendants") alleging violations of (i) Section 17(a) of the Securities Act of 1933 ("Securities Act"); (ii) Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), and Rule 10b-5 promulgated thereunder; and (iii) Sections 203A, 206(1), 206(2), 206(4) and 207 of the Investment Advisers Act of 1940 ("Advisers Act"), and Rules 206(4)-2, 206(4)-4 and 206(4)-8 promulgated thereunder; and Defendants having entered general appearances and consented to the Court's jurisdiction over them and over the subject matter of this action, having each executed the Consent ("Consent") annexed to individual Judgments against them dated July 3, 2012 and August 14, 2012 (collectively, the "2012 Judgments"), and incorporated herein and therein, and, without admitting or denying the allegations of the Complaint (except as to

jurisdiction, which allegations are admitted), consented to the entry of the 2012 Judgments, and having waived any right to appeal from the 2012 Judgments; and

The Court, by its Opinion dated March 31, 2014, having further ordered (i) Defendants to disgorge $1,800,000 in ill-gotten gains; (ii) Defendants to pay prejudgment interest on the ill-gotten gains in the amount of $326,244.46; and (iii) defendants Verzili and Rodriguez to each pay a third-tier civil penalty of $130,000:

## I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Juno, Verzili and Rodriguez and each of their respective agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Juno, Verzili and Rodriguez and each of their respective agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a)   to employ any device, scheme, or artifice to defraud;

(b)   to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)   to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## III.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Juno, Verzili and Rodriguez and each of their respective agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise, are permanently restrained and enjoined from violating Section 203A of the Advisers Act [15 U.S.C. § 80b-3A], directly or indirectly, by using the mails or any means or instrumentality of interstate commerce to register under Section 203 of

the Advisers Act [15 U.S.C. § 80b-3], unless such Defendant complies with the terms and conditions of Section 203A of the Advisers Act [15 U.S.C. § 80b-3A].

## IV.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Juno, Verzili and Rodriguez and each of their respective agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Sections 206(1) and 206(2) of the Advisers Act [15 U.S.C. §§ 80b-6(1) and (2)], directly or indirectly, by using the mails or any means or instrumentality of interstate commerce, while engaged in the business of advising others for compensation as to the advisability of investing in, purchasing, or selling securities:

(a)   to employ any device, scheme, or artifice to defraud any client or prospective client; or

(b)   to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client.

## V.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Juno, Verzili and Rodriguez and each of their respective agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 206(4) of the Advisers Act [15 U.S.C. § 80b-7], and Rule 206(4)-2 promulgated thereunder [17 C.F.R. § 275.206(4)-2], directly or indirectly, by using the mails or

any means or instrumentality of interstate commerce, while engaged in the business of advising a pooled investment vehicle for compensation as to the advisability of investing in, purchasing, or selling securities, to have custody of client funds or securities unless such Defendant complies with the terms and conditions of Rule 206(4)-2 promulgated under the Advisers Act [17 C.F.R. § 275.206(4)-2].

## VI.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Juno, Verzili and Rodriguez and each of their respective agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 206(4) of the Advisers Act [15 U.S.C. § 80b-6 (4)] and Rule 206(4)-8 promulgated thereunder [17 C.F.R. 275.206(4)-8], directly or indirectly, by using the mails or any means or instrumentality of interstate commerce, while engaged in the business of advising a pooled investment vehicle for compensation as to the advisability of investing in, purchasing, or selling securities:

>   (a)   to make any untrue statement of a material fact of to omit to state a material fact necessary to make the statements made, in the light of the circumstances under which they were made, not misleading, to any investor or prospective investor in the pooled investment vehicle; or

>   (b)   otherwise engage in any act, practice, or course of business that is fraudulent, deceptive, or manipulative with respect to any investor or prospective investor in the pooled investment vehicle.

## VII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Juno, Verzili and Rodriguez and each of their respective agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 207 of the Advisers Act [15 U.S.C. § 80b-7], directly or indirectly, by using the mails or any means or instrumentality of interstate commerce, by making any untrue statement of a material fact in a registration application or report filed with the Commission under Section 203 of the Advisers Act [15 U.S.C. § 80b-3], Section 204 of the Advisers Act [15 U.S.C. § 80b-3], or willfully omitting to state in any such application or report any material fact which is required to be stated therein.

## VIII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants Juno, Verzili and Rodriguez are jointly and severally liable for disgorgement of $1,800,000, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $326,244.46. Defendants Juno, Verzili and Rodriguez shall satisfy this obligation by paying $2,126,244.46, to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

Defendants may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendants may also pay by certified check, bank

cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

    Enterprise Services Center
    Accounts Receivable Branch
    6500 South MacArthur Boulevard
    Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Juno Mother Earth Asset Management, LLC, Eugenio Verzili and Arturo Allan Rodriguez Lopez as defendants in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendants shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, each Defendant relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to a Defendant. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

## IX.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants Verzili and Rodriguez shall each pay a civil penalty in the amount of $130,000 to the Securities and Exchange Commission pursuant to pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)], Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)], and Section 209 of the Advisers Act [15 U.S.C. §80b-9]. Verzili and Rodriguez shall each make this payment within 14 days after entry of this Final Judgment.

Verzili and Rodriguez may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at

http://www.sec.gov/about/offices/ofm.htm. Verzili and Rodriguez may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Juno Mother Earth Asset Management, LLC, Eugenio Verzili and Arturo Allan Rodriguez Lopez as defendants in this action; and specifying that payment is made pursuant to this Final Judgment.

Verzili and Rodriguez shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, each of Verzili and Rodriguez relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to such Defendant. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury. Verzili and Rodriguez shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

## X.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that each Consent is incorporated herein with the same force and effect as if fully set forth herein, and that each Defendant shall comply with all of the undertakings and agreements set forth therein.

## XI.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: 4/24/14

_____
HONORABLE THOMAS P. GRIESA
UNITED STATES DISTRICT JUDGE